# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

PAMELA FRAZIER, :
:
      Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:08-CV-1634-JOF
WURTH INDUSTRY OF NORTH :
AMERICA, LLC, :

      Defendant.

## OPINION AND ORDER

The instant matter is before the court on Defendant Wurth Industry of North America, LLC's Motion to Dismiss, or in the Alternative, to Compel Discovery and for Sanctions [11].

Plaintiff Pamela Frazier brought suit against Defendant alleging claims under the Equal Pay Act, 29 U.S.C. § 206, *et seq.* on May 2, 2008. Defendant answered and the parties exchanged their initial disclosures. In August 2008 Defendant served initial discovery. When the parties spoke on September 5, 2008, Defendant agreed to ten additional days for Plaintiff to respond to written discovery. On October 20, 2008, defense counsel e-mailed Plaintiff's counsel to inquire as to why Plaintiff had not met her deadline to respond to written discovery and to settle on a date for Plaintiff's deposition that he had

noticed in August. Defense counsel received no response from Plaintiff's counsel. On October 29, 2008, this court conducted a telephone conference with the parties and (1) set a six-month discovery track to end on April 29, 2009, and (2) directed Plaintiff to draft an Amended Complaint to send to Defendant as notice, not for approval. Plaintiff sent no such Amended Complaint. On October 29, defense counsel wrote another letter regarding written discovery and scheduling Plaintiff's deposition. Once again there was no response. Defense counsel wrote Plaintiff's counsel a final time on November 18, 2008, demanding responses and warning Plaintiff's counsel of his intention to file a motion to compel. Plaintiff's counsel again failed to respond.

Defendant filed the instant motion on December 2, 2008. Defendant contended that Plaintiff's complaint should be dismissed under Fed. R. Civ. P. 41(b) for failure to prosecute or in the alternative Plaintiff should be compelled under Fed. R. Civ. P. 37 to respond to written discovery and schedule Plaintiff's deposition. Lastly, Defendant requested sanctions in the form of its fees and costs to prepare the motion. Plaintiff responded on December 19, 2008. Plaintiff's counsel maintained that Defendant's motion was moot because Plaintiff had responded to Defendant's discovery requests in their entirety and Defendant suffered no prejudice. Plaintiff's counsel explained that when Defendant's discovery was propounded, Plaintiff's counsel had recently suffered the death of two friends and a family member and was unable to practice law. Plaintiff's counsel insists that he has now sought

2

professional assistance for his troubles and will be able to continue his legal practice. In reply, Defendant withdrew its Motion to Dismiss and its Motion to Compel. Defendant avers, however, that it is still entitled to sanctions in the form of costs and fees. Defendant sympathizes with Plaintiff's counsel's predicament but believes that Defendant has been prejudiced by Plaintiff's counsel's unexplained delay. Defense counsel contends that at no time did Plaintiff's counsel call him or write him regarding the situation. Defendant was forced to expend costs and pay attorneys' fees to file the motion to dismiss/compel to ultimately prompt Plaintiff's response. Defendant insists that this behavior warrants sanctions under Fed. R. Civ. P. 37.

Fed. R. Civ. P. 37(a)(5)(a) addresses costs sanctions following a successful motion to compel and states:

> If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Here, defense counsel made numerous attempts to get Plaintiff to respond to written discovery and schedule a deposition. Plaintiff did not respond to defense counsel's

3

overtures and did not complete her discovery obligations until Defendant filed the motion to compel. Thus, the court must require Plaintiff or Plaintiff's counsel to pay Defendant's reasonable costs in bringing the Motion to Compel unless the court finds that Plaintiff's delay was substantially justified or the award of expenses would be unjust.

While the circumstances in Plaintiff's counsel's personal life are certainly regrettable, they do not relieve him of his obligations to his clients. Plaintiff's counsel was unjustified in failing to respond to any of defense counsel's letters or to call defense counsel or the court and make them aware of his situation. The court does not wish, however, to unduly burden Plaintiff for the behavior of her counsel. As such, the court will AWARD COST SANCTIONS against Plaintiff's counsel rather than Plaintiff.

The court DIRECTS defense counsel to submit a notice to the court within ten (10) days of the date of this order articulating the fees and costs expended to bring the instant motion and providing supporting documentation in the form of time records. Once defense counsel has done so, the Clerk of Court should resubmit this matter to the undersigned for judgment.

**IT IS SO ORDERED** this 14th day of April 2009.

                                          s/ J. Owen Forrester
                                          J. OWEN FORRESTER
                        SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)