# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Pamela Frazier,

   Plaintiff,

 v.  :  CIVIL ACTION NO.
    1:08-cv-01634-JOF

Wurth Industry of North America, LLC,

   Defendant.

## OPINION & ORDER

This matter is before the court on defense counsel's Notice Regarding Attorneys' Fees and Costs [22].

Plaintiff, Pamela Frazier, sued Defendant, Wurth Industry of North America, alleging several violations of the Federal Equal Pay Act. After all pleadings were filed, the parties exchanged initial disclosures. Subsequently, despite serving discovery requests on Plaintiff in August 2008, Defendant received no response from Plaintiff. During a conversation between the parties' attorneys on September 5, 2008, Defendant gave Plaintiff another ten (10) days to answer the original discovery requests. Plaintiff did not, and Defendant tried several more times to contact Plaintiff regarding the discovery. Eventually, this court held a telephone conference with the parties and directed Plaintiff to send Defendant an amended

complaint. Plaintiff did not comply. Defense counsel again tried to contact Plaintiff's counsel several times regarding discovery issues to no avail.

Defendant filed a motion to dismiss, or in the alternative, to compel discovery and impose sanctions [11] on December 2, 2008. In light of learning the tragic circumstances that occurred in the personal life of Plaintiff's counsel, Defendant withdrew its motion to dismiss but not its motion to compel and for the imposition of sanctions. This court awarded cost sanctions against Plaintiff's counsel for the costs and attorneys' fees incurred by Defendant in bringing the motion to compel [21]. Defense counsel was directed to "submit a notice to the court within ten (10) days of the date of this order articulating the fees and costs expended to bring the instant motion and providing supporting documentation in the form of time records." Defense counsel's notice of costs and the response from Plaintiff's counsel are now before this court.

Defense counsel, David Kresser, requests $3,084 in fees and costs, which he arrived at by multiplying "the hours expended on those tasks (12.0) by the hourly rate charged to the Defendant ($257.00)." Docket Entry [22], 1. Mr. Kresser relies on an invoice that covers December 2008, the month in which he filed the motion to dismiss. *Id*. at Attached Invoice. The invoice states that Mr. Kresser spent 5.5 hours analyzing discovery files and drafting the motion to dismiss, 4.8 hours analyzing prior research, doing final edits, and filing the motion to dismiss, and 2.0 hours drafting a reply brief and communicating with someone

2

whose name has been redacted about the motion to dismiss. *Id*. Defense counsel only requests compensation for 12.0 hours of work, even though the portions of the invoice he relies on equal 12.3 hours.

While Plaintiff's counsel, Mr. Rosenberg, does not dispute that $257 is a reasonable rate, he argues that the hours submitted by defense counsel are unreasonable for several reasons, including that the motion to dismiss was not complex. Mr. Rosenberg also argues that defense counsel has provided no evidence of the reasonableness of the hours spent on the motion to dismiss or the corresponding reply other than the invoice, and therefore, defense counsel does not meet its burden of providing a "reasonably detailed explanation of the nature of the work." Docket Entry [27], 4. Mr. Rosenberg also asserts that because Defendant withdrew its motion to dismiss and left only its motion to compel and impose sanctions, Mr. Rosenberg should not be charged for the time spent on the motion to dismiss.[1] Mr. Rosenberg concludes that defense counsel should have spent a maximum of 5.0 hours on Defendant's motion to dismiss and a maximum of 1.0 hour on the corresponding reply brief.

---

[1] The court notes that Defendant withdrew the motion to dismiss after discovering the losses Mr. Rosenberg suffered in his personal life. This gesture of civility does not change the fact that the motion to dismiss was filed **because of** Plaintiff's lack of response to discovery requests. To relieve Mr. Rosenberg from paying for those parts requesting dismissal defeats the purpose of this court's previous order, which was to impose sanctions for Plaintiff's inaction.

3

The calculation of reasonable attorneys' fees involves determining the lodestar. *A.C.L.U. of Georgia v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). Lodestar calculation requires "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate[,] . . . and [t]he fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Id.* (internal citations and quotations omitted). That burden can be satisfied where the fee applicant provides the court with "records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . ." *Id.*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Mr. Rosenberg does not contest that $257 is a reasonable hourly rate, and as he is the one paying the attorneys' fees, this court accepts $257 as reasonable. With regard to the reasonableness of the number of hours expended, the hours cannot include "those that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." *Norman*, 836 F.2d at 1301. This court has the discretion to exclude excessive or unnecessary work from the calculation. *Id.* Furthermore, even where "there is a lack of documentation or testimonial support," this court can rely "on

AO 72A
(Rev.8/82)

its own experience" to determine whether the amount of hours expended was reasonable *Id*. at 1303.

Mr. Rosenberg argues that defense counsel fails to provide a "reasonably detailed explanation of the nature of the work" performed, Docket Entry [71], 4, and "bundles" together different activities making it difficult to determine the reasonableness of any work performed. *Id*. at 6. This court disagrees. This case is not like *Norman*, where the applicant asked to be compensated for 384 hours of work. 836 F.2d at 1294. Nor is it like *Barnes*, where the requested compensation was for 1072.95 hours. 168 F.3d at 427. Mr. Kresser only wants 12.0 hours worth of fees. Between the invoice provided by defense counsel, and this court's ability to exercise its own billing judgment, the court has no trouble determining where those 12.0 hours were spent despite the bundling of tasks on the invoice.

Mr. Rosenberg contends that defense counsel should have spent a maximum of 5.0 hours on the motion to dismiss, rather than 10.3, based on the affidavit of Alan H. Garber. Mr. Garber is an attorney who has practiced employment law since 1995. According to Mr. Garber, the length of the memo, defense counsel's reliance on previously performed research, and the legal argument section's lack of complexity show that defense counsel should have spent no more than 5.0 hours preparing and drafting the memo. As to the reply brief, Plaintiff's counsel argues, also based on Mr. Garber's affidavit, that no more than 1.0 hour should have been spent drafting and filing the reply brief.

5

Having considered Mr. Garber's affidavit and relying on its own experience, the court finds that Mr. Kresser spent a reasonable number of hours on the motion to dismiss and the corresponding reply. Therefore, the court grants Mr. Kresser $3,084 in attorneys' fees.

Plaintiff's counsel, Jack Rosenberg, is DIRECTED to pay Defendant $3,084.

**IT IS SO ORDERED** this 7th day of October 2009.

/s J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)