# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

Pamela Frazier,                          :
                                         :
              Plaintiff,                  :
                                         :
       v.                                :        CIVIL ACTION NO.
                                         :        1:08-cv-01634-JOF
Wurth  Industry  of  North  America,     :
LLC,                                     :
                                         :
              Defendant.                  :

## OPINION & ORDER

This matter is before the court on Plaintiff's motion for extension of time [33],

Plaintiff's motion to stay [37], and Defendant's motion for summary judgment [28].

Plaintiff Pamela Frazier brought suit against Defendant Wurth in May of 2008 for

claims arising under the Equal Pay Act, 29 U.S.C. § 206, *et seq.* In March of 2008, Plaintiff

filed a Charge with the Equal Employment Opportunity Commission ("EEOC") alleging

certain violations of Title VII of the Civil Rights Act of 1964 arising out of the same facts

as Plaintiff's claims in this case. In a telephone conference that occurred on October 29,

2008, the court directed Plaintiff to draft and send to Defendant an amended complaint

setting forth her Title VII claims, and the court also gave the parties six months from the

date of the conference to complete discovery. Plaintiff's counsel gave Defendant a draft

amended complaint containing the Title VII claims in December of 2008. D.E. [15]. After discovery ended in April of 2009, the court held another conference call with the parties on May 20, 2009. The court granted a ninety-day stay of the case due to Plaintiff's pending EEOC charge, stating explicitly, however, that "[n]o further stays will be granted." D.E. [26].

Defendant filed a motion for summary judgment on August 18, 2009, when the ninety-day stay imposed by the court's May 20, 2009 order was lifted. Plaintiff subsequently moved to extend her time to respond to Defendant's motion for summary judgment, which the court granted, giving Plaintiff until October 1, 2009. Plaintiff then filed the present motion for a second extension, requesting that she have until October 13, 2009 due to "Plaintiff's counsel's schedule and obligations in other matters, plus a period of religious observance." D.E. [33], at 1. Then on October 13, 2009, Plaintiff filed the present motion to stay the case, D.E. [37]. Plaintiff has filed no response to Defendant's motion for summary judgment.

Plaintiff requests that the current litigation be stayed until ninety days following the parties' receipt of notice of the conclusion of the EEOC's investigation into her Title VII claims, or thirty days after Plaintiff amends her complaint subsequent to the conclusion of the EEOC's investigation. Plaintiff then requests that if the EEOC is unable to resolve the matter and issues a right to sue, Plaintiff would like ten days to amend her complaint to

include the Title VII claims, and then ninety days to conduct discovery on those claims. With her motion for continuance, Plaintiff includes a letter from the EEOC, dated October 13, 2009, in which the EEOC writes "Please be assured that Ms. Frazier's charge is being processed as expeditiously as our workload considerations and limited resources will allow. Your continued patience and cooperation are appreciated."

Plaintiff filed her charge with the EEOC in March of 2008, and she had the right to request private enforcement 180 days after filing that claim. 42 U.S.C. § 2000e-5(f)(1). *See also Occidental Life Ins. Co. of California v. E.E.O.C.*, 432 U.S. 355, 361 (1977). Plaintiff has apparently chosen not to do so because she is waiting for the EEOC to investigate and resolve her Title VII claims. The court recognizes that Plaintiff's Title VII claims could possibly be barred by the doctrine of *res judicata* if they are not litigated in the current action along with her Equal Pay Act claims. Furthermore, the procedures requiring Plaintiff to file a charge with the EEOC before filing a private suit under Title VII were intended by Congress to allow full administrative review and avoid the need for private lawsuits. *Woods v. Dunlop Tire Corp.*, 972 F.2d 36, 39-40 (2d Cir. 1992). The Second Circuit has cautioned that in instances such as this, courts should grant stays "absent a compelling reason to the contrary." *Id*. at 41. *See also Booth v. Quantum Chemical Corp.*, 942 F. Supp. 580, 585-586 (S.D. Ga. 1996) (Moore, J.) (recognizing that plaintiff can and should attempt to prevent *res judicata* by requesting a stay in the same situation as the present case).

3

While the court understands Defendant's desire to move the current litigation along at a more efficient pace, this is not compelling enough to convince the court that it should deny Plaintiff's request. Plaintiff's motion for continuance is GRANTED IN PART and DENIED IN PART [37]. The proceedings in this case are STAYED for forty-five (45) days from the date of this order. At that time, Plaintiff is DIRECTED to submit a status report to the court. Defendant's motion for summary judgment is DENIED with LEAVE TO RENEW [28]. Plaintiff's motion for extension of time is DENIED as moot [33].

**IT IS SO ORDERED** this 10th day of February 2010.


_____/s   J. Owen Forrester_____
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)